IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CLINTON RYAN WARD, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 6:22-CV-00131-JDK |
| | § |
| v. | § |
| | § |
| DIRECTOR, TDCJ, | § |
| | § |
| Defendant. | § |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Petitioner Clinton Ward, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2019 Smith County conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Upon review, for the reasons stated herein, the court recommends that the petition be denied, and the case dismissed with prejudice. The court further recommends that Petitioner Ward be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On or around October 18, 2018, Petitioner was indicted in Smith County, Texas for the felony offense of aggravated assault with a deadly weapon. (Doc. No. 11-26, at 5–6.) Petitioner pleaded not guilty to the offense and proceeded to a trial on the merits and punishment. *Id.* at 8. On May 22, 2019, Petitioner was found guilty of the offense by a jury in cause number 114-1506-18, out of the 114th Judicial District Court of Smith County, Texas, and was sentenced to twenty

years imprisonment. *Id.* at 8–9. Petitioner appealed the conviction, initially represented by counsel who filed an *Anders* brief, and the Sixth Court of Appeals issued a memorandum opinion on December 31, 2019 affirming his conviction. *Id.*; Doc. No. 11-19. Petitioner then filed a pro se motion for rehearing, which was granted. *Id.* at 35. On June 12, 2020, the Sixth Court of Appeals issued a new memorandum opinion affirming his conviction. *Id.* at 38–40; Doc. No. 11-19. Petitioner did not file a petition for discretionary review ("PDR").

On February 20, 2020, Petitioner filed a state habeas application challenging his conviction. *Id.* at 27. On February 3, 2021, Petitioner's application was denied by the Texas Court of Criminal Appeals ("CCA") because his conviction was not yet final at the time of filing. (Doc. No. 11-24.) Petitioner filed his federal habeas petition on April 5, 2022. (Doc. No. 1, at 15); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

## II. Ward's Petition

In his petition, Petitioner raises several claims for relief:

(1)   Ineffective assistance of counsel for failure to communicate;

(2)   Ineffective assistance of counsel for failure to put a witness on the stand and failure to object.

(Doc. No. 1, at 5–7.)

Petitioner argues that trial counsel failed to communicate with him about the trial and failed to discuss certain issues with him when he was questioned by the judge such that he was rushed into making decisions without thinking about them. *Id.* at 5. Petitioner further argues that a key witness was never interviewed, that his daughter was in his truck with him during the incident and that his attorney never called her to the stand, and that he failed to object to the prosecutor's

2

speculative remarks. *Id.* at 7. Petitioner requests a new trial or a modification of the judgment to a lesser charge. *Id.* at 15.

### III. Respondent's Answer

After being ordered to do so, Respondent filed an answer addressing Ward's petition. (Doc. No. 10.) Respondent maintains that Ward's petition is barred by the statute of limitations, and alternatively, that his petition is unexhausted. *Id.*

### V. Legal Standards

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Pub. L. 104-132, 110 Stat. 1217. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

## VI. Discussion and Analysis

<u>1. Timeliness under the AEDPA</u>

Congress enacted the AEDPA on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to his petition. Notably, Title I imposes a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). An inmate must file a section 2254 petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

>>of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals).

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

Here, Petitioner Ward was sentenced on May 22, 2019, after which he filed an appeal, and on June 12, 2020, the Sixth Court of Appeals affirmed his conviction. (Doc. Nos. 11-26, Doc. No. 11-19.) Petitioner did not file a PDR. Therefore, his conviction became final thirty days after his conviction was affirmed on July 12, 2020. Thus, the federal limitations period expired one year later, on July 12, 2021, absent statutory tolling.

Petitioner filed a state habeas application challenging his conviction on February 20, 2020. (Doc. No. 11-26, at 35.) On February 3, 2021, Petitioner's application was denied by the CCA as

5

procedurally improper because his conviction was not yet final. (Doc. No. 11-24.) It is well-settled that, in order to toll the federal limitations period, the state habeas application must be "properly filed." *See* 28 U.S.C. §2244(d)(2); *see also Davis v. Quarterman*, 342 F. App'x 952, 954 (5th Cir. 2009) (unpublished). Accordingly, while filed before his federal limitations period expired, Petitioner's state habeas application did not toll his federal limitations period because it was not properly filed.

Although the AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Petitioner had until July 12, 2021, to file his federal habeas petition; however, he filed his section 2254 petition on April 5, 2022—268 days after the expiration of the limitation period. (Doc. No. 1, at 15). As a result, it is untimely and barred by the statute of limitations—absent any tolling.

2. Equitable Tolling

Petitioner is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (overturned on other grounds)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where

the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original).

Petitioner argues that due to the COVID-19 pandemic, all TDCJ law libraries were closed from March 2020 to December 2020, and that, as a result, he could not do legal work. (Doc. No. 1, at 13.) Petitioner's argument for equitable tolling is not persuasive. As an initial matter, "courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute 'extraordinary circumstances' warranting equitable tolling." *See Contreras-Beltran v. United States*, No. 3:22-cv-976-N-BK, 2022 WL 4295254, at *3 (N.D. Tex. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 4295296 (N.D. Tex. Sept. 16, 2022) (rejecting argument that limited access to law library in light of COVID-19 justified equitable tolling when the petitioner failed to show a causal link between the late filing and limited law library access); *see also Collins v. United States*, No. A-21-CV-00041-RP, 2022 WL 3593056, at *6 (W.D. Tex. Aug. 22, 2022) ("The Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling.").

Furthermore, Petitioner fails to show how the COVID-19 pandemic actually prevented him form timely filing his federal habeas petition in this case. As discussed, Petitioner's federal habeas petition was due by July 12, 2021. Petitioner only cites a lockdown due to the COVID-19 pandemic from March 2020 to December 2020. (Doc. No. 1, at 13.) During this time of periodic lockdown, Petitioner's conviction was not even final yet. *See* Doc. No. 11-19. Thus, Petitioner's contention of lockdown due to COVID-19 during the months of March 2020 to December 2020 fails to show any causal connection between the lockdown and his ability to file his federal petition. *See, e.g., Perez v. Davis*, No. 1:13-cv-00067, 2017 WL 3142411, at *16 (S.D. Tex. June 28, 2017), *report and recommendation adoptedd*, 2017 WL 3120666 (S.D. Tex. July 21, 2017) (citing *Holland v.*

7

*Florida*, 560 U.S. 631, 649 (2010)) (requiring a causal connection between the extraordinary circumstances and the untimely filing) (further citations omitted). Petitioner does not explain how this prevented him from actually filing his federal habeas petition before the time his federal petition was due on July 12, 2021.

Finally, "even in the context of the COVID-19 pandemic, a petitioner must provide sufficient evidence to determine whether he exercised diligence during 'all time periods—before, during and after the existence of the COVID-19 pandemic.'" *Newman v. Dir., TDCJ-CID*, No. 3:20-CV-3733-X (BT), 2022 WL 18779708, at *4 (N.D. Tex. Nov. 28, 2022), *report and recommendation adopted*, 2023 WL 2090988 (N.D. Tex. Feb. 16, 2023) (citing *Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020)). Petitioner does not provide any explanation regarding his diligence during or after the COVID-19 lockdown. Petitioner further fails to explain why he waited nearly nine months after his conviction had become final, and after the alleged lockdown was lifted, to file his federal habeas petition. The court does not find these situations rare or possessing extraordinary circumstances. *See Mathis*, 616 F.3d at 474.

Petitioner has failed to meet his burden of showing that equitable tolling is warranted. Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition should be dismissed as time-barred.

3. Exhaustion

In addition to being time barred, Petitioner has failed to exhaust his claims. State prisoners bringing petitions for a writ of habeas corpus are required to exhaust state remedies before proceeding in federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1). To exhaust

properly, a state prisoner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). This means that a petitioner must have informed the state court system of all the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id.* at 276–77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217–18 (5th Cir. 1988). In Texas, all claims must be presented to and ruled on by the CCA. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993).

Because Ward's state habeas petition was denied without written order due to his conviction not yet being final, Doc. No. 11-24, the claims presented in Ward's state habeas petition were never ruled on by the CCA. *See Larry v. Dretke*, 361 F.3d 890, 894–95 (5th Cir. 2004) (holding that a state habeas application is not properly filed when it is filed before the judgment was final because the Court of Criminal Appeals did not have jurisdiction to consider the application). Because the claims raise in Petitioner's federal habeas petition were not exhausted at the state level, his federal petition is also subject to dismissal for failure to exhaust.

## VII. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional

right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He has also failed to demonstrate that a court could resolve the issues in a different manner of that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Petitioner Ward's federal habeas petition be denied, as time-barred, and the case dismissed with prejudice. Finally, it is recommended that Petitioner Ward be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of June, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE