IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CLINTON RYAN WARD, | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:22-cv-131-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Clinton Ryan Ward, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On June 5, 2023, Judge Love issued a Report recommending that the Court deny the petition for a writ of habeas corpus as time-barred dismiss this case with prejudice. Docket No. 18. The Court adopted the Report and issued a final judgment on July 11, 2023. Docket Nos. 22, 23.

Now before the Court is Petitioner's motion for reconsideration. Docket No. 24. In his motion, Petitioner argues that he mailed his objections before the deadline and asks the Court to consider them.

Upon Petitioner's motion, Judge Love granted an extension to July 5, 2023 to object to the Report. Docket No. 20. Petitioner argues that he timely deposited his

1

objections into the Ramsey I Unit's internal mailbox on July 3, 2023.  Docket No. 24 at 1.  And Petitioner provides evidence that his objections were picked up by TDCJ staff on July 5, 2023.  Docket No. 24, Ex. A.  The Court received the objections on July 10, 2023.  Docket No. 21.  Because it appears that Petitioner did timely file objections to the Report, the Court **GRANTS** the motion (Docket No. 24) and will now consider Petitioner's objections.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner objects to the Magistrate Judge's finding that he is not entitled to equitable tolling.  Specifically, Petitioner cites the COVID-19 pandemic, including outbreaks and special housing lockdowns, as a basis for why he is entitled to equitable tolling.  Docket No. 21 at 7.  Petitioner asserts only vague references to cell lockdowns beginning in March 2020, and states that he was confined in special housing for periods of fourteen days that would restart if there was another confirmed infection. *Id*. at 6.  As the Magistrate Judge explained, Petitioner's conviction was affirmed by the Sixth Court of Appeals on June 12, 2020 (Docket Nos. 11-26, 11-19), became final on July 12, 2020, and the federal limitations period expired on July 12, 2021.

Although Petitioner's objections raise general limitations that occurred due to the COVID-19 pandemic starting around March 2020, Petitioner fails to show any causal link between the lockdown issues he raises and the filing of his petition 268 days after the expiration of the limitations period. Moreover, Petitioner fails to show that he exercised diligence during this time with respect to the filing of his petition. *See Newman v. Dir., TDCJ-CID*, 2022 WL 18779708, at *4 (N.D. Tex. Nov. 28, 2022), *report and recommendation adopted,* 2023 WL 2090988 (N.D. Tex. Feb. 16, 2023) (finding that a petitioner must provide sufficient evidence to determine whether he exercised diligence during "all time periods—before, during and after the existence of the COVID-19 pandemic."). Petitioner has failed to show how any alleged lockdowns and continued diligence on his behalf warrant the tolling of the limitations period for an additional nine months—the time in which it took Petitioner to belatedly file his petition. The Court agrees with the Report—Petitioner is not entitled to equitable tolling and the dismissal of his habeas petition as time-barred was proper.

The Magistrate Judge additionally found that the claims raised in Petitioner's federal habeas petition were not exhausted at the state level and that therefore his petition is also subject to dismissal for failure to exhaust. Docket No. 18. Petitioner does not dispute that he failed to exhaust his claims at the state level, but instead objects that good cause exists to stay and abate. Docket No. 20 at 9. However, Petitioner's objections fail to show any good cause for this extraordinary remedy. Petitioner merely cites the law stating that he is entitled to such relief. This objection

3

is not persuasive. Accordingly, the Court agrees that Petitioner's claims are also barred by the doctrine of exhaustion.

Based on Petitioner's motion to reconsider (Docket No. 24), the Court **VACATES** the previous order adopting the Magistrate Judge's Report (Docket No. 22) and final judgment (Docket No. 23) entered in this case.

Having considered Petitioner's objections and conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 21) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 22) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **1st** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE